Hyatt, J.
The actions are precisely similar, except as to the names of the plaintiffs.
They are brought against the defendant Seymour, to recover for goods sold and delivered. The defenses are precisely the same.
The motions also are to strike out the same words from each answer as irrelevant, and to separately state and number the same counter-claims therein contained.
The appeals will be considered together.
The answer denies every allegation of the complaint and, as an affirmative defense, alleges that one Ward was an employee of the defendant, and steward of his yacht, and ordered fruits on board the same.
Further, “ that defendant was unaware of the fact that goods were ordered of the plaintiff. That said Ward, without defendant’s knowledge, and against the express orders and directions of this defendant, ordered fruits of the plaintiff in the name of this defendant, which were unnecessary and unused, and which were used by said Ward, and others in league with him, and not in defendant’s employ.”
(The motion asked to have the above part in quotation marks stricken out.)
Further, the plaintiff entered into a corrupt and unlawful agreement with said Ward to pay him twenty per cent on .all orders, and that such amount should be added to the price of the goods charged to the defendant.
And defendant further avers: “ Upon information and belief that said agreement was carried out, and from time to time plaintiff paid to said Ward twenty per cent, or thereabouts, in cash of the amounts received from the defendant for goods.”
The answer further alleges that “this defendant claims and insists that he is not liable for any goods sold and delivered by said plaintiff.”
(The motion asked to have the above parts in quotation stricken out.)
The plaintiff’s contention is that the defendant “means to intimate what he fails to explicitly charge, and that the matter to which he objects is wholly irrelevant unless pleaded with reference to the particular goods sued for in this action.”
*168 The parts objected to are parts of one connected series of facts referring to the defense of an alleged unfaithful steward.
There can be -no question or doubt as to what matter the allegations refer to in view of the nature of the defense, and if. not explicitly charged, they are sufficiently pleaded with reference to the particular goods sued for in this action, and are not either irrelevant or immaterial.
They, in fact, constitute issuable allegations relevant to the defense, and are properly in the answer.
This defense follows the answer in Brewster v. Hatch (13 Daly, 74), and the particular parts here objected to were in that case expressly sustained.
Where argument is necessary to show the irrelevancy of a pleading the court will let the objected matter stand. Littlejohn v. Greeley, 22 How., 345.
The exercise of the power to strike out irrelevant matter is wholly discretionary, and the courts have invariably denied the motion, unless the moving party is “aggrieved.” Homan v. Byrne, 14 Week. Dig., 175.
The appellant admits that his motion to strike out this matter was purely technical but still correct, and justifies his motion upon the ground that he has been aggrieved in consequence of costs having been imposed upon him by the decision from which his appeal is taken.
The costs granted were ten dollars to the defendant to abide the event; if the plaintiff’s action is well founded, his grievance will be doubtful.
The orders appealed from also deny plaintiff’s motion to compel the defendant to separately state and number the facts relating to the counter-claim of twenty per cent upon the goods for which this suit is brought, and the counter claim of twenty per cent upon the goods previously delivered and paid for by him.
It may be apparent that the defendant has stated in one count more than one counter-claim, in that he claims twenty per cent on the goods mentioned in the bill of particulars furnished by the plaintiff and twenty per cent on the amount of all goods delivered previously under the same corrupt agreement and paid for by him, and which sum he states; but the appellant here admits that the question as to whether any counter-claim at all was stated, was not presented to the court below and is not urged here, but can be raised by demurrer when the plaintiff gets the answer to which he is entitled with the counter-claims separately stated, so that the demurrer may intelligently present any question he may want to present in that way.
If this is the fundamental reason for requiring the defendant to separately state and number the two counter *169 claims contained in the seventh paragraph in the answer, it would seem insufficient to avail the plaintiff. What is claimed is plain and clear, and no reason exists why a demurrer thereto may not intelligently and fully present all questions requisite to sustain the same.
The orders should be affirmed, with costs.
Hall and Ehrlich, JJ., concur.